IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL R. D'ALESSANDRO,<br>      Plaintiff, | \* |
| | \* |
| v. | CIVIL ACTION NO. PJM-09-190 |
| | \* |
| MONTGOMERY COUNTY, et al.,<br>      Defendants. | \* |

\*\*\*\*\*\*

## **MEMORANDUM OPINION**

Defendants Montgomery County, Suzyk Malagary, and Grant Clark[1] have moved for dismissal or summary judgment against Plaintiff Michael R. D'Alessandro. Paper Nos. 7 and 13. Plaintiff has filed a response.[2] Paper No. 12. No hearing is necessary to resolve the issues before the Court. *See* Local Rule 105.6 (D. Md. 2009). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### Standard of Review

### Motion for Summary Judgment

Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

---

[1] Plaintiff names John Doe as a Defendant. Plaintiff's claims against unidentified Defendants may not proceed.

[2] Plaintiff has also filed a "Motion Granting Court Appointed Pro Bono Counsel." Paper No. 11. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable difficulty. Furthermore, Plaintiff's complaint is not of undue complexity. Therefore, in the exercise of its discretion, the Court shall deny Plaintiff's request for appointment of counsel.

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion. As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The Court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now examines Plaintiff's claims.

**Background**

Plaintiff alleges that on October 14, 2008, while confined at the Montgomery County Detention Center, he passed out. When he recovered he realized property, which included medical devises as well as legal and personal papers, was missing. Plaintiff states that his efforts to have the property returned to him were unavailing.[3] Paper No. 1.

---

[3] Plaintiff filed a motion for injunctive relief concerning his property in *D'Allesandro v. Montgomery County*, Civil Action No. 08-2841 (D. Md.) on April 1, 2009, several months after instituting the instant case. Defendants seek

**Analysis**

Code of Maryland Regulations 12.02.17.03 directs the Maryland Department of Corrections (DOC) to establish procedures to return an inmate's personal property to him upon his release and to obtain a receipt from the inmate for the return of his property. While not a part of the DOC, MCDC has established a procedure in compliance with this directive:

> Upon your release you are expected to pick up all of your personal property from MCDC at 1307 Seven Locks Road, Rockville, Maryland 20854. Unclaimed personal property will be held for 30 days after your release date, and if unclaimed after 30 days, the property will be disposed of (refer to COMAR, 12-03, Disposition of Inmate Personal Property.)

Paper No. 7, Ex. 1.

The policy is contained in the Inmate Guide Book provided to each inmate housed at MCDC. *Id.*, Ex. 1 and 2. Plaintiff was advised of the policy regarding disposition of inmate property upon his arrival and release from MCDC. *Id.* He was further advised of the policy in correspondence from Deputy Warden Malagari, dated November 4, 2008 and December 15, 2008, wherein he was further counseled that if he could not retrieve the property he could designate someone to retrieve the property on his behalf. *Id.,* Ex. 3-4. He was again advised of the policy by letter from counsel for MCDC on February 4 and 20, 2009. *Id.*, Ex. 5 and 7. Defendants maintain it is not feasible for them to ship property to inmates who have left the institution as they house nearly 11,000 inmates each year. *Id.*, Ex. 2.

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if

---

dismissal of the instant case because the same issues were raised in Plaintiff's Motion for Injunctive Relief, denied by this Court on August 14, 2009. The Court declines to dismiss the instant complaint based on the pro se Plaintiff's motion filed in an earlier case. While the motion raised identical claims, the underlying case in Civil Action No. 08-2841 differs from the instant case, which only concerns Plaintiff's property.

he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[4]  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[5] Thus, the complaint presented here shall be dismissed

## Conclusion

In light of the foregoing, Defendants' Motion for Summary Judgment shall be granted.  A separate order follows.


January 20, 2010                                                       /s/
                                                            PETER J. MESSITTE
                                                     UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff may avail himself of remedies under the Maryland Tort Claims Act.

[5] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.